HENRY L. BURKART, JR. AND MARGARET B. BURKART, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burkart v. Commissioner
Docket No. 5696-83.
United States Tax Court
T.C. Memo 1984-429; 1984 Tax Ct. Memo LEXIS 239; 48 T.C.M. (CCH) 867; T.C.M. (RIA) 84429; August 13, 1984. Henry L. Burkart, Jr., for the petitioners. Janice C. Taylor, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined deficiencies in income tax and additions to tax against petitioners for the calendar years 1979 and 1980 as follows: ADDITIONS TO TAX [1]
YEARS
INCOME TAX
SECTION 6651(a)
SECTION 6653(a)
1979
$2,053.00
1980
1,227.00
$306.75
$256.85
*240 Ptitioners, husband and wife, filed joint Federal income tax returns for the years 1979 and 1980. Their joint return for the year 1979 was timely filed, and their 1980 return was filed on December 28, 1981. At the time the petition herein was filed, petitioners resided at Metairie, Louisiana. After concessions, the following issues remain for us to resolve: (a) Medical expenses claimed by petitioners for the year 1979 in the amount of $2,466.62. (b) A net farm loss of $4,259 in the year 1979, resulting from numerous claimed farming expenses and depreciation on equipment in that year. (c) A casualty loss of $3,500 claimed by petitioners for the year 1980. (d) Claimed charitable contributions of $520 for the year 1980. (e) Additions to tax under section 6651(a) for 1980. (f) Additions to tax under section 6653(a) for 1980. (g) Claimed overpayments by petitioners in the amounts of $2,120 for 1979 and $1,850.70 for 1980. [2]
*241 For convenience and ease of understanding, our findings and opinion as to the issues will be combined. (a) Additional Medical Deductions of $2,466.62 for 1979.
(b) Net Farm Loss of $4,259 in 1979.
(c) Casualty Loss of $3,500 in 1980.
In April of 1980, as the result of torrential rains, petitioners' farm near Poplarville, Mississippi, where they then maintained their home, was flooded. Most of the ground was covered with water to a depth of several feet, and a utility room on the ground floor of petitioner's house where he kept his various business records was badly damaged. Either as the result of the flooding or subsequent cleaning out of the flooded premises, petitioner's records were lost. Petitioner Henry L. Burkart, Jr. testified in general terms as to the nature and amounts of the various items of expense making up his claimed additional medical deductions for 1979, which he testified were not compensated for by insurance, as well as the various deduction items making up his claimed net farm loss for that year, and the casualty loss to the animals, his fences and the tools and equipment on his farm. Petitioners, however, were unable to furnish any substantiation *242 for any of the items of claimed expense and loss, either as to the fact or the cost basis of the assets which were claimed to have been lost in the flood, the various expense items in connection with petitioners' farming operations, or their claimed medical expenses. While we believe that petitioner was honest and truthful, and was doing the best he could in the circumstances, it still remains the law that petitioners had the burden of proof on all of these items. ; Rule 142(a). Unfortunately for petitioners, they have been unable to meet their necessary burden of proof here. While we do not doubt, and respondent has conceded, that a severe flood took place at petitioners' farm in April of 1980, petitioners have not provided us with any basis upon which we could make any findings with respect to any of the claimed items of loss or expense covered by the above three issues, although we are satisfied that some loss and expenses undoubtedly occurred. Accordingly, we have no choice but to hold in favor of respondent on these three issues. (d) Charitable Contribution of $520 in 1980.
Petitioner claimed an amount of $520 *243 for the year 1979, and also for the year 1980, as charitable contributions to his church. Petitioner Henry L. Burkart, Jr. testified that he is a practicing Roman Catholic; that he attended church every week either at Poplarville, Mississippi, or in one of several churches in New Orleans, Louisiana; that he always made his contributions to the collection plate by cash, either in the amount of $5 or $10; and that he never asked for nor received any receipts for such contributions. Respondent, while allowing the claimed contributions for 1979, has disallowed them for 1980, although there appears to be no difference in the factual pattern involved. Respondent's different attitude with respect to the two years is not otherwise explained. We found petitioner to be honest and credible, and his testimony with respect to these contributions was entirely circumstantial and reasonable. Although concededly petitioner had no canceled checks, receipts or other physical evidence of the claimed contributions, we bear in mind that no issue was raised with respect to the identical contributions in 1979. We are satisfied that petitioner did attend church in 1980 and that he did make contributions. *244 Doing the best we can, considering the testimony which was presented, and bearing in mind that petitioner was somewhat vague about whether his weekly contributions were $5 or $10, we find that petitioner made weekly contributions of $5 to his church during 1980, for a total of $260. . (e) Additions to Tax For 1980 Under Section 6651(a).
The statutory deadline for the filing of petitioners' income tax return for 1980 was on or before April 15, 1981. Section 6072(a). The parties have stipulated that petitioners' 1980 return was not filed until December 28, 1981. Petitioner Henry L. Burkart, Jr. honestly and candidly admitted that the return was filed late and that he had no excuse for so doing. Since no reasonable cause for late filing has been shown, we must sustain respondent's determination of additions to tax for this year under section 6651(a). (f) Additions to Tax Under Section 6653(a) for 1980.
Respondent determined that petitioners' underpayment of tax for 1980 ". . . is due to negligence or intentional disregard of rules and regulations." Respondent accordingly proposed a five percent addition *245 to tax under the provisions of section 6653(a). Although the basis for such determination is not explicit in respondent's statutory notice, it is apparent to the Court, from reading the record as a whole, that respondent's determination was based upon petitioner's alleged failure to keep proper books and records for 1980, from which his income and deductions could be determined. Although petitioners bear the burden of proof to show that they were not negligent, as determined by respondent, , the parties have stipulated that petitioners' farm in Poplarville, Mississippi, was badly flooded in April 1980, and we believe petitioner's testimony that his books and records were lost in that flood. Accordingly, although this disaster does nothing to aid petitioner in his burden of proof with regard to the challenged deductions, which are the first three issues discussed above herein, we accept petitioner's testimony that he did have such books and records, and that their loss was not due to any negligence on his part. We therefore think that petitioners have adequately shown that they were not negligent for the year 1980, within *246 the meaning of section 6653(a), and respondent's determination on this point is not approved. Decisions will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Rules of Practice and Procedure of the Tax Court, except as otherwise noted.↩
2. Although so stated in petitioners' petition herein, no ground for such claimed overpayments are stated, and no reference to them was made in the stipulation filed by the parties, in the parties' opening statements, nor in any evidence adduced at trial. We accordingly deem these issues to be abandoned by petitioners.↩